# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JAMES R. FARR and<br>CHANNING WILLIAMS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | DOCKET NO.: 5:21-CV-191 |
| | : | |
| HEDGEJET, LLC, a Pennsylvania<br>Limited Liability Company, and<br>EDWARD C. NAPERSKI, JR., | : | |
| | : | |
| Defendants. | : | |

_____

## COMPLAINT FOR DAMAGES
_____

COME NOW Plaintiffs James R. Farr and Channing Williams and pursuant to Federal Rules of Civil Procedure 3 and 8 hereby file this Complaint against Defendants Hedgejet, LLC and Edward C. Naperski, Jr., alleging and stating as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff James R. Farr (hereinafter "Plaintiff Farr") is sui juris, is a resident of Houston County, Georgia and is a citizen of the State of Georgia.

2.

Plaintiff Channing Williams (hereinafter "Plaintiff Williams") is sui juris, is a resident of Houston County, Georgia and is a citizen of the State of Georgia.

3.

Defendant Hedgejet, LLC (hereinafter "Defendant Hedgejet") is a foreign limited liability company organized under the laws of the State of Pennsylvania. At all times relevant hereto, Defendant Hedgejet regularly solicited and transacted business in the State of Georgia, and derived substantial revenue from services rendered in the State of Georgia. The causes of action set forth in this Complaint arise from business transacted by Defendant Hedgejet in the State of Georgia and tortious injuries committed in the State of Georgia and caused by an act or omission outside the State.

4.

Defendant Edward C. Naperski, Jr. (hereinafter "Defendant Naperski") is a resident of the State of Pennsylvania. At all times relevant hereto, Defendant Naperski regularly solicited and transacted business in the State of Georgia, and derived substantial revenue from services rendered in the State of Georgia. The causes of action set forth in this Complaint arise from business transacted by Defendant Naperski in the State of Georgia and tortious injuries committed in the State of Georgia and caused by an act or omission outside the State.

5.

The Defendants regularly solicited and transacted business in the Middle District of Georgia, and the tortious injuries set forth in this Complaint occurred in the Middle District of Georgia.

6.

The Court has diversity jurisdiction over the claims of Plaintiffs Farr and Williams pursuant to 28 U.S.C. § 1332. The amount in controversy with respect to the claim of Plaintiff Farr and Plaintiff Williams each exceed $75,000.00 exclusive of interest and costs. All Plaintiffs are Georgia citizens and the Defendants are Pennsylvania citizens.

**GENERAL FACTUAL ALLEGATIONS**

7.

Defendant Hedgejet provides private aviation services.

8.

Defendant Naperski is the sole member and president of Defendant Hedgejet.

9.

Plaintiffs Farr and Williams each had separate written contracts with Defendant Hedgejet. Plaintiff Farr's contract is attached hereto as Exhibit 1, and Plaintiff Williams' contract is attached hereto as Exhibit 2; each contract is incorporated herein by reference.

10.

Pursuant to the terms of the contract between the parties each Plaintiff initially deposited the sum of $100,000.00 with Defendant Hedgejet for the future purchase of blocks of aviation hours to be charged the contractually agreed upon rates.

11.

Pursuant to the terms of the contract between the parties the sums deposited by each respective Plaintiff were to be maintained in separate escrow accounts by the Defendants until such times as each respective Plaintiff would use the services of Defendant Hedgejet.

12.

On May 13, 2021, after ignoring communications from the Plaintiffs for a significant time, the Defendant notified the Plaintiffs (among others) that Defendant Hedgejet was insolvent, was ceasing operations and did not have sufficient funds to refund the Plaintiffs' monies it held in escrow as the funds had been spent and expended.

## COUNT ONE
## BREACH OF CONTRACT

13.

The allegations of paragraphs 1-12 are incorporated herein.

14.

Defendant Hedgejet has a contractual obligation to maintain the Plaintiffs' respective funds in respective escrow accounts until such time as the Plaintiffs' used the escrowed funds for aviation services.

15.

Defendant Hedgejet used the Plaintiffs' escrowed funds for its own purposes, including paying its debts and obligations, all without the knowledge or approval of the Plaintiffs.

16.

Defendant Hedgejet has a contractual obligation to refund the Plaintiffs' for all unused hours upon notice of default.

17.

Plaintiffs have notified Defendant Hedgejet of its default under the terms of the contract but Defendant Hedgejet has refused to refund the Plaintiffs' unused hours.

18.

Defendant Hedgejet breached its respective contracts with the Plaintiffs by improperly using the Plaintiffs' escrowed funds and refusing to refund Plaintiffs' unused hours after notice of default.

19.

Defendant Hedgejet is liable to the Plaintiffs for the monies they lost as a result of Defendant Hedgejet's breach of contract.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY, CONVERSION AND DEFALCATION

20.

The allegations of paragraphs 1-19 are incorporated herein.

21.

Defendant Hedgejet and Defendant Naperski have fiduciary duties to each Plaintiff with regard to the Plaintiffs' funds which were to be held in escrow.

22.

The Defendants' withdrawal of the Plaintiffs' funds from escrow and use of these funds to pay Defendants' obligations is a breach of their fiduciary duty to Plaintiffs, a deliberate defalcation, and an act of conversion.

23.

Defendants are jointly and severally liable to the Plaintiffs for all damages flowing from Defendants breach of fiduciary duty and conversion.

WHEREFORE, James R. Farr and Channing Williams pray as follows:

1. That a judgment be entered against Defendant Hedgejet in an amount sufficient to compensate each of the Plaintiffs for the damages caused by said Defendant's breach of contract;

2. That a judgment be entered against Defendant Hedgejet and Defendant Naperski, jointly and severally, in an amount sufficient to compensate the Plaintiffs for the damages caused by said Defendants' breach of fiduciary duty, conversion and defalcation;

3. That the costs of this action be taxed against the Defendants;

4. That the Plaintiffs have a trial by fair and impartial jurors; and

5. That the Plaintiffs have such other relief as the Court and jury deem appropriate under the circumstances.

This 9th day of June, 2021.

                        s/ John Philip Fox
                        JOHN PHILIP FOX
                        Georgia Bar No. 272522
                        Counsel for Plaintiffs
                        Adams, Hemingway, Wilson & Rutledge, LLC
                        P.O. Box 1956
                        Macon, GA 31202-1956
                        (478) 743-4601 (T)
                        (478) 746-8215 (F)
                        john.fox@adamshemingway.com